Klaus H. Hamm, OSB# 091730
Email: Klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

John M. Weyrauch, *pro hac vice*
Email: jmweyrauch@dbclaw.com
Peter R. Forrest, *pro hac vice*
Email: pforrest@dbclaw.com
DICKE, BILLIG & CZAJA, PLLC
100 South Fifth Street, Suite 2250
Minneapolis, MN 55402
Telephone: (612) 573-2000
Facsimile: (612) 573-2005

*Attorneys for Defendants*
ROCKLER RETAIL GROUP, INC.
ROCKLER COMPANIES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAJED QUAIZ,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCKLER RETAIL GROUP, INC. and ROCKLER COMPANIES, INC.,**<br><br>Defendants. | Civil Case No.: 3:16-cv-01879-SI<br><br>**DECLARATION OF JOHN M. WEYRAUCH IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY** |

I, John M. Weyrauch, declare as follows:

1. I am an attorney with the law firm of Dicke, Billig & Czaja, and I represent Defendants

Rockler Retail Group, Inc. and Rockler Companies, Inc. in this action. The statements made in

this declaration are based on facts know to me through my representation in this case.

2.  Attached hereto as Exhibit A is a true and correct copy of U.S. Patent No. 4,984,775.

3.  Attached hereto as Exhibit B is a true and correct copy of Plaintiff's published U.S. Patent Application, Publication No. 2016/0067845, which I obtained from the U.S. Patent and Trademark Office's (USPTO) Public Pair web page.

4.  Attached hereto as Exhibit C is a true and correct copy of an Information Disclosure Statement Plaintiff filed with the USPTO on December 28, 2015, which I obtained from the USPTO's Public Pair web page.

5.  Attached hereto as Exhibit D is a true and correct copy of a January 20, 2017 email from Plaintiff's counsel, Brian Chenoweth, to me.

6.  On or about October 11, 2016, I spoke to Plaintiff's counsel, Ms. Andrea Meyer, and indicated Rockler was unable to locate any drawings of Plaintiff. I asked Attorney Meyer to provide copies of the drawings referenced in Plaintiff's Complaint. On October 13, 2016, Attorney Meyer emailed 14 drawings to me.

7.  On October 14, 2016, Mr. Chenoweth, called me. During this phone call, I told Mr. Chenoweth that I was aware of a published U.S. patent application that Plaintiff had filed on his clamp, and that Defendants did not understand what Plaintiff's alleged trade secrets were in view of a comparison of the drawings provided by Ms. Meyer to those of Plaintiff's patent application. Mr. Chenoweth did not provide an explanation of what the alleged trade secrets were.

8.  On December 27, 2016, during the meeting of counsel under Rule 26(f), I again notified Plaintiff's counsel that Defendants did not know what Plaintiff was alleging were trade secrets. Plaintiff's counsel was asked to identify what features in Defendants' corner clamping jig allegedly reflected Plaintiff's trade secrets, but he did not do so.

DECLARATION OF JOHN M. WEYRAUCH
In Support of Defendants' Motion to Compel                                                                 2

9.   On January 19, 2017, Defendants proposed adding the following paragraph to Plaintiff's proposed discovery plan:

> 6) <u>Identification of Plaintiff's alleged trade secrets</u>
> Defendants request that as part of Plaintiff's initial disclosures, Plaintiff be required to identify its trade secret(s) with "reasonable particularity," as defined by prior decisions of the District of Oregon. *See Vesta Corp. v. Amdocs Management Ltd.,* 2016 U.S. Dist. LEXIS 45741 at *5 (D. Oregon, April 1, 2016); *Nike, Inc. v. Enter Play Sports, Inc.,* 305 F.R.D. 642, 645 (D. Oregon 2015); *St. Jude Med. S.C., Inc. v. Janssen-Counotte,* 305 F.R.D. 630 (D. Oregon 2015).

10.  The following is a true and correct photograph of Rockler's corner clamping jig.



I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2017                          s/John M. Weyrauch

DECLARATION OF JOHN M. WEYRAUCH
In Support of Defendants' Motion to Compel                                                    3