Brian Chenoweth, OSB No. 944991
Andrea Meyer, OSB No.136055
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182
E-mail: brianc@northwestlaw.com
E-mail: ameyer@northwestlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **MAJED QUAIZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ROCKLER RETAIL GROUP, INC., and ROCKLER COMPANIES, INC.,**<br><br>**Defendants.** | Case No. 3:16-cv-01879-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY** |

Plaintiff Majed Quaiz ("Plaintiff") presents the following response to *Defendants' Motion to Compel Plaintiff to Identify Alleged Trade Sercret(s) with Reasonable Particularity* (cited herein as "Mot."). This response is supported by the record and pleadings on file with the Court, the statement of points and authorities below, and the *Declaration of Andrea R. Meyer (Feb. 22, 2017)* ("Meyer Decl.") with Exhibits 1 and 2, filed herewith.

### I.   INTRODUCTION

Plaintiff filed this lawsuit for damages resulting from the misappropriation of his trade

Page 1 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

secrets by Defendants Rocker Retail Group, Inc. ("RRG") and Rockler Companies, Inc. ("Rockler") (together, "Defendants"). Defendants' motion seeks an order compelling Plaintiff to amend his initial disclosures to identify his trade secrets with greater particularity than he has already done and to suspend discovery until he does so. The motion should be denied because the initial disclosure rule does not require the type of information Defendants seek and because Plaintiff has already identified his trade secrets with reasonable particularity. If, however, Plaintiff is required to make additional allegations regarding his trade secrets, then either (1) discovery should not be suspended at all or (2) any suspension of discovery should automatically lift as soon as Plaintiff does so.

## II.    FACTS

Plaintiff alleges that in November 2011 he began developing a concept and design for a right-angle corner clamp to be used for both commercial and consumer wood-working projects. *First Am. Compl.* ¶ 8 (ECF 13, filed Oct. 18, 2016) ("Am. Compl."). In July 2012, after investing over 200 hours developing the concept and design of his right-angle corner clamp, Plaintiff responded to a solicitation from Defendants to submit woodworking product ideas to them. *Id.* ¶¶ 10–11, 17. Defendants promised not to steal or use Plaintiff's trade secrets. *Id.* 10. Plaintiff submitted his concept for a corner clamp to Defendants. *Id.* ¶ 11. Defendants thanked Plaintiff for his idea and asked him to submit images of his design, which Plaintiff did. *Id.* ¶¶ 13–14.

Subsequently, Defendants informed Plaintiff that they were not interested in his concept and design for a right-angle corner clamp. *Id.* ¶ 16. In August 2015, however, Defendants announced the introduction of a new corner clamping jig product, which used Plaintiff's concept for a right-angle corner clamp. *Id.* ¶¶ 20–22.

Plaintiff filed his *First Amended Complaint* for misappropriation of trade secrets and alternatively for unjust enrichment on October 18, 2016. The amended complaint specifically identifies trade secrets Plaintiff presented to Defendants for a right-angle corner clamp to assist with woodworking projects, including the description of his ideas that he emailed to Defendants and the 14 detailed drawings of his design that he emailed Defendants on July 13, 2012. Am. Compl. ¶¶ 12, 14. The amended complaint describes Plaintiff's trade secrets as a corner clamp for use in woodworking projects that allows one-handed operation without requiring additional tools to utilize it. *Id.* ¶ 19. Plaintiff asserts that the trade secrets misappropriated by Defendants include his corner clamp concept, design, and drawings. *Id.* ¶ 22. Plaintiff's amended complaint even alleges the specific tool Defendants created using Plaintiff's trade secrets. *Id.* ¶¶ 20–23.

Rather than file a motion challenging the sufficiency of the amended complaint under Fed. R. Civ. P. 12, Defendants RRG and Rockler each filed a separate answer on November 21, 2016. Defendants assert, as affirmative defenses, that (1) "Plaintiff's clamp design is not a trade secret," (2) "the features of Plaintiff's clamp design identified in paragraph 8 of the amended complaint were in the public domain prior to July 2012," and (3) Defendants' "corner clamping jig does not utilize Plaintiff's clamp design." Rockler Answer ¶¶ 45–47 (ECF 19, filed Nov. 21, 2016); RRG Answer ¶¶ 45–47 (ECF 20 , filed Nov. 21, 2016).

On October 13, 2016, at the request of Defendants' counsel, Plaintiff voluntarily provided Defendants with the 14 drawings referenced in the amended complaint. Meyer Decl. ¶ 3.

The Parties held a Rule 26(f) conference on December 27, 2016, at which time they agreed discovery documents should be exchanged pursuant to a protective order. *Id.* ¶ 4.

Page 3 -    **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

Defendants were then free to issue discovery requests related to Plaintiff's trade secrets, but they have not done so. *Id*. ¶ 5. Plaintiff served requests for production on each Defendant on January 17, 2017. *Id*. ¶ 6. Defendants both responded on February 16, 2017. *Id*. Their responses contain innumerable objections to simple requests and include the assertion that each of them "lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond" to certain requests. *Id.* ¶ 7, Exs. 1, 2.

On January 27, 2017, Defendants served their initial disclosures pursuant to Rule 26(a). *Id*. ¶ 8. Defendants' initial disclosures identify fact witnesses who are employees of Defendants and a description of documents that may be used to support Defendants' claims or defenses. *Id*.

Defendants now move to compel Plaintiff to identify his trade secrets with further particularity and to restrict discovery. Defendants' motion should be denied.

### III.    LEGAL ARGUMENT

**A.    The Initial Disclosure Rule Does Not Require a Plaintiff to Disclose the Type of Information Defendants Seek.**

Defendants' motion arises from a dispute over whether Plaintiff was required to use his initial disclosures to "identify [his] trade secret(s) with 'reasonable particularity'[.]" Mot. at 7. Defendants now seek an order to compel Plaintiff to do this. The initial disclosure rule, Federal Rule of Civil Procedure 26(a)(1), identifies the following four categories of information to disclose: (1) witnesses, (2) documents, (3) computation of damages, and (4) any potentially applicable insurance policies. There is no way to read this rule to require a party making his initial disclosure to include a description of the trade secrets that are at issue in the case. The Court should deny Defendant's misguided effort to compel an initial disclosure that is not required by the Federal Rules of Civil Procedure or any other applicable legal authority.

If Defendants are asking Plaintiff to make a disclosure separate and apart from its initial disclosures under Rule 26(a)(1), the point remains the same. Defendants are not moving to make the amended complaint more definite and certain—and they cannot do so now because they already answered it. They are not moving to compel a response to a specific interrogatory—because they have not issued any. They have not availed themselves of any procedural mechanism in the civil rules that could require the disclosure they seek. Instead, they are asking the Court to create a new, *ad hoc* procedure to unfairly burden the Plaintiff in this case.

B.  **Plaintiff Has Already Identified His Trade Secrets With Reasonable Particularity.**

The motion should also be denied on the grounds that Plaintiff has already identified his trade secrets with sufficient particularity. Plaintiff's amended complaint quotes the exact description of Plaintiff's design that he emailed to Defendants at the outset of their communications. Am. Compl. at 12.[1] Plaintiff's counsel has already voluntarily emailed the 14 drawings to Defendants that are referenced in the amended complaint as containing trade secrets. Meyer Decl. ¶ 3.

Defendants apparently want Plaintiff to further disclose a written description of the specific design features or components shown in those drawings that constitute trade secrets. Identifying trade secrets at that level of detail, however, raises fact questions that Plaintiff expects to explore in discovery—such as by investigating what Defendants believe to be their own trade secrets and by taking deposition testimony of Defendants' designees. Defendants

---

[1] "I've designed a corner clamp that offers more precise fastening and the ability to handle larger material. Its features allow a wide range of adjustability to accommodate all sorts of projects, from picture frames to construction with 2x4's, and it's only fractions of an inch larger than the bigger clamp-it clamp. I believe that my clamp is easier to use because it frees the user from holding multiple parts at once. Even with all its features and capability, it's still a very simple clamp to use and possibly manufacture. The clamps [sic] design is finalized to my satisfaction and I can provide 14 different drawings, including 3d views."

Page 5 -  **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

already have enough information to participate in discovery and defend themselves without requiring Plaintiff to first make some kind of special disclosure regarding what it believes that process will reveal.

Oregon law defines a trade secret as "information, including a drawing . . . formula, pattern, compilation, device . . . or process that derives independent economic value, actual or potential, from not being generally known to the public" and is subject to reasonable efforts to maintain its secrecy. ORS 646.461(4). Whether a design or design feature is a trade secret is a question of fact. *See Kaib's Roving R.PH. Agency, Inc. v. Smith*, 237 Or. App. 96, 103 (2010).

In a recent case involving complex trade secrets and a voluminous record regarding payment processing methods, this Court required a party to allege its trade secrets with "reasonable particularity" in response to an interrogatory request. *Vesta Corp. v. Amdocs Management Ltd.*, Or. U.S. Dist. 3:14-cv-1142-HZ (Apr. 1, 2016, *Opinion and Order*) (ECF 219) ("*Vesta III*") (citing *BioD, LLC v. Amnio Tch., LLC*, 2014 WL 3864658, *5 (D. Ariz. Aug. 6, 2014)). The Court defined "reasonable particularity" as:

> "a description of trade secretes at issue that is sufficient to (a) put a defendant on notice of the nature of plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets."

*Id.* The Court also clarified:

> "there is no bright-line answer as to the degree of particularity that must be disclosed in order for discovery to proceed in a trade secrets case. Rather, the Court's analysis in each case is fact-intensive and the outcome is fact-specific."

*Vesta Corp. v. Amdocs Management Ltd.*, 147 F. Supp.3d 1147, 1150 (D. Or. 2015) ("*Vesta II*").

In determining whether a plaintiff has described his trade secrets with reasonable particularity, courts consider both policy and practical considerations. *Nike, Inc. v. Enter Play*

Page 6 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

*Sports, Inc.*, 305 F.R.D. 642, 645 (D. Or. 2015). "Courts must exercise discretion to avoid unnecessary disclosures of the [adverse party's trade secrets]," while also recognizing a "plaintiff's broad right to discovery under the Federal Rules of Civil Procedure." *Id*. at 645.

*Nike* is particularly instructive here. There, Nike alleged it had conceived concepts for an athletic footwear "upper." *Id.* at 643. Nike's complaint included specific descriptions, drawings, and illustrations of the concept. *Id*. at 644. Nike did not disclose a written description of specific design features that it alleged to have been its trade secrets. In its answer, Enter Play Sports contended it had not disclosed Nike's confidential information or that the confidential information was not subject to the parties' nondisclosure agreement. *Id*. The Court concluded Nike had identified its trade secrets with reasonable particularity because Enter Play Sports was able to answer the complaint and assert affirmative defenses. *Id*. at 646. The same is true here.

Defendants RRG and Rockler both filed answers to the amended complaint, asserting five affirmative defenses. Rockler Answer at 4–5; RRG Answer at 4. They served initial disclosures that identified fact witnesses and documents that would support a claim or defense. Meyer Decl. 8. They did all this without filing a motion to make the complaint or amended complaint more definite and certain. As in *Nike*, Defendants conduct shows that Plaintiff has disclosed enough information about his trade secrets to put Defendants on notice of the nature of the claims and allow Defendants to proceed with the litigation. The first prong of the *Vesta* "reasonable particularity" standard is satisfied.

The second prong asks whether Defendants are able to "determine the relevancy of any requested discovery concerning [their] trade secrets." The only discovery requests Plaintiff has issued are requests for production of documents. Defendants do not argue that any of these requests require production of Defendants' trade secrets. The requests seek documents related to

Page 7 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

"Corner Clamps," which could conceivably require disclosure of trade secrets.[2]  This request is reasonably narrow and calculated to result in discovery of admissible evidence because Plaintiff alleges that Defendants misappropriated his design for a corner clamp to be used in woodworking, and Defendants deny this.  If Defendants have any documents related to corner clamp designs, Plaintiff should be entitled to see them—regardless of whether they contain any of Defendants' trade secrets.

One of Defendants' affirmative defenses is that they did not use Plaintiff's design to develop their own corner clamp product.  Rockler Answer ¶ 47; RRG Answer ¶ 47.  Another is that Plaintiff's clamp design is not a trade secret.  *Id*. ¶ 45.  To test these and other allegations in Defendants' answer, Plaintiff needs Defendants to disclose all of their documents related to design and development of any corner clamp product.  These documents could show that Defendants used Plaintiff's design to develop their own corner clamp product.  They could show that Defendants treat aspects of their corner clamp design as trade secrets.  Such evidence would be directly relevant to Plaintiff's claims and Defendants' affirmative defenses and is therefore discoverable.

Any consideration of Defendants' disclosure of documents and trade secrets must also reflect the fact that the parties have conferred regarding the need for a standard protective order to govern any production of documents.  Meyer Decl. ??.  Although Defendants have responded to Plaintiff's requests for production, Defendants have not produced any documents, nor have they have not followed up on Plaintiff's offer of a protective order.  *Id.*

---

[2]  Plaintiff's Request No. 1 requests production of "[a]ll documents related to your design or development of any Corner Clamp."  Meyer Decl. 6.  The requests define "Corner Clamp" to refer to "any mechanism or design that operates as a right-angle corner clamping jig, including but not limited to the Clamp-It® Corner Clamping Jig."  *Id*.

Page 8 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

Most importantly, Defendants have failed to identify any category of documents or information whose relevancy cannot be determined based on the information Defendants already possess regarding Plaintiff's trade secrets. Instead, their responses to Plaintiff's requests for production show they intend to fight over disclosure of documents that are well within the reasonable scope of discovery in this case, such as their documents related to corner clamp designs.

Plaintiff has satisfied both prongs of the *Vesta* "reasonable particularity" standard. In the context of this case, which lacks the complexity and voluminous record present in *Vesta*, Plaintiff's disclosures have been sufficient. Defendants' motion should be denied, and the parties should proceed with discovery.

### C. Under No Circumstances Should Discovery Be Suspended Indefinitely.

If the Court orders Plaintiff to disclose additional information about its trade secrets, Defendants ask the Court to suspend discovery until Plaintiff has done so. This request should be denied because, for the reasons discussed above, Plaintiff should not be ordered to make the special disclosure sought by Defendants. In addition, even if the Court were to order some additional disclosure by Plaintiffs, under no circumstances should discovery be suspended indefinitely.

By its very nature, the "reasonable particularity" standard is vague and subject to argument. This creates the risk that if Plaintiff is ordered to disclose additional information Defendants will dispute its sufficiency and force Plaintiff to file a motion to lift the stay of discovery. This would only invite Defendants to cause additional delay and expense.

Plaintiff has a broad right to discovery. The Federal Rules of Civil Procedures state:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

Page 9 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible evidence to be discoverable."

FRCP 26(b)(1). Plaintiff's requests for production of documents are reasonably tailored to the context of this case, proportional to the amount in dispute, and consistent with this rule. Plaintiff has offered to stipulate to a protective order, which will provide ample protection for any sensitive documents Defendants may produce in discovery. Plaintiff is not engaged in a "fishing expedition," and Defendants' concern about "needless discovery disputes" is unfounded and no different than in any other case.

Plaintiff should not be required to make a special disclosure regarding his trade secrets. If such a disclosure is required, discovery should not be stayed. A better approach would be to require disclosure within seven days of entry of the order, without any suspension of discovery. Alternatively, an order suspending discovery should automatically lift as soon as Plaintiff makes any additional disclosure this Court might require. Defendants should not be given the keys to discovery in the form of an order indefinitely suspending it.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 10 -  **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**

## IV.　CONCLUSION

For the reasons stated above, Defendants' *Motion to Compel Plaintiff to Identify Alleged Trade Secrets with Reasonable Particularity* (and to stay discovery) should be denied in its entirety.

Dated: February 22, 2017

                                        CHENOWETH LAW GROUP, PC

                                        /s/ Andrea R. Meyer
                                        Brian D. Chenoweth, OSB No. 944991
                                        brianc@northwestlaw.com
                                        Andrea R. Meyer, OSB #136055
                                        ameyer@northwestlaw.com
                                        *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing true copies of **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY** on the following:

| | |
|---|---|
| John M. Weyrauch<br>Peter R. Forrest<br>Dicke, Billig & Czaja, PLLC<br>100 South Fifth Street<br>Suite 2250<br>Minneapolis, MN 55402<br>jmweyrauch@dbclaw.com<br>pforrest@dbclaw.com<br><br>*Attorneys for Defendant Rockler Retail Group, Inc. and Rockler Companies, Inc.* | Klaus H. Hamm<br>Klarquist Sparkman, LLP<br>One World Trade Center<br>121 SW Salmon Street<br>Suite 1600<br>Portland, Oregon  97204<br>klaus.hamm@klarquist.com<br><br>*Attorneys for Defendant Rockler Retail Group, Inc. and Rockler Companies, Inc.* |

by the following method(s):

_____	by **mailing** a full, true and correct copy thereof in a sealed, first-class, postage pre-paid envelope, addressed to the last-known address of the parties as shown above, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

__X__	by **emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

_____	by **faxing** a full, true and correct copy thereof to the parties at the fax number shown above, which is the last-known fax number of the parties, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was property completed.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Dated:  February 22, 2017

CHENOWETH LAW GROUP, PC

*/s/ Andrea R. Meyer*
Andrea R. Meyer, OSB No. 136055

**CERTIFICATE OF SERVICE**

Case 3:16-cv-01879-SI    Document 28    Filed 02/22/17    Page 13 of 13

**CERTIFICATE OF SERVICE**