Klaus H. Hamm, OSB# 091730
Email: Klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

John M. Weyrauch, *pro hac vice*
Email: jmweyrauch@dbclaw.com
Peter R. Forrest, *pro hac vice*
Email: pforrest@dbclaw.com
DICKE, BILLIG & CZAJA, PLLC
100 South Fifth Street, Suite 2250
Minneapolis, MN 55402
Telephone: (612) 573-2000
Facsimile: (612) 573-2005

*Attorneys for Defendants*
ROCKLER RETAIL GROUP, INC.
ROCKLER COMPANIES, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MAJED QUAIZ,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCKLER RETAIL GROUP, INC. and ROCKLER COMPANIES, INC.,**<br>Defendants. | Civil Case No.: 3:16-cv-01879-SI<br><br>**DEFENDANT ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedures, the above-listed Defendant

Rockler Companies, Inc. ("Rockler") hereby provides the following response to Plaintiff's Request

1

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

for Production of Documents to Rockler Companies, Inc. Rockler reserves the right to amend or supplement its responses if it finds that inadvertent omissions or errors have been made or if additional or more accurate information become available and is required to be provided by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.     Defendant objects to the requests to the extent that they seek to impose requirements or obligations on Defendant in addition to or different from those imposed by the Federal Rules of Civil Procedure.  Defendant will respond to the requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any orders from this Court. To the extent Defendant agrees to produce documents, documents that exist and are located will be made available for inspection and copying at a mutually agreeable time and manner.

2.     Defendant objects to the Instructions and Definitions contained in Plaintiff's Request for Production of Documents to the extent that they seek to impose a duty or seek information beyond that which is provided for by the Federal Rules of Civil Procedure.

3.     Defendant objects to the requests to the extent they are vague, ambiguous and/or confusing or would require Defendant to speculate as to the nature or the scope of the information sought.

4.     Defendant objects to the requests to the extent they seek information already in the possession, custody or control of Plaintiff, or readily available or accessible to Plaintiff through third parties having an obligation to produce such information and/or from public sources.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 1
Page 2 of 14

5.      Defendant objects to the requests to the extent they seek information obtainable from some other source that is more convenient, less burdensome, or less expensive.

6.      Defendant objects to these requests to the extent they seek information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, and/or seek information prepared in anticipation of litigation. Nothing contained in these answers is intended to be, or shall in any way be deemed, a waiver of such applicable privilege, doctrine, or immunity (collectively "privilege").

7.      Defendant has not yet completed its investigation of the facts pertaining to this action, discovery is ongoing, and Defendant is continuing its preparation for trial.  All responses to the following document requests are based on information presently known to Defendant. Accordingly, all responses are given without prejudice to Defendant's right to produce evidence based on any additional information that may develop or come to Defendant's attention at a later time.

8.      Defendant objects to these requests to the extent they seek proprietary, confidential and/or commercially sensitive information to Defendant and/or to a third party.  All information of a proprietary, confidential and/or commercially sensitive nature will only be disclosed under the conditions set forth in a suitable Protective Order entered in this matter.

9.      In responding to these requests, Defendant in no way admits any of the requests are relevant or calculated, in whole or in part, to lead to the discovery of admissible evidence. Defendant's responses are not intended to contain any implied admissions, and the act of responding to a request should not be construed as a waiver of any objection to the request.

3

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

10.    Defendant's objections as set forth herein are made without prejudice to Defendant's right to assert any additional or supplemental objections should Defendant discover additional grounds for such objections.

11.    The objections and limitations set forth in Defendant's General Objections shall be applicable to, and included in, Defendant's response to each of Plaintiff's requests regardless of whether or not they are specifically stated therein.

12.    Defendant objects to Plaintiff's definition of "Defendant" as overly broad, indefinite and purporting to seek information protected by the attorney-client privilege, work-product doctrine or other immunity from disclosure of information in that it includes "attorney" in the definition.  Defendant's response to any request seeking information from Defendant will exclude information from Defendant's attorneys that is the subject of attorney-client privilege and/or work-product doctrine.

## REQUESTS FOR PRODUCTIONS

### REQUEST NO. 1

All documents related to your design or development of any Corner Clamp.

RESPONSE:

Rockler objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning any Corner Clamp, the definition of which extends beyond Rockler's Clamp-It® Corner Clamping Jig, which is the only product of Rockler that Plaintiff alleges misappropriated Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved.

4

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 1
Page 4 of 14

Rockler further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets. Rockler lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request. Rockler reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

REQUEST NO.2

All documents related to your design or development of the Clamp-It® Corner Clamping Jig.

RESPONSE:

Rockler objects to this request as duplicative of Request No. 1, in that the definition of "Corner Clamp" includes Rockler's Clamp-It® Corner Clamping Jig. Accordingly, Rockler incorporates by reference its response to Request No. 1.

REQUEST NO. 3

All documents related to communications between you and any third party regarding the design or development of any Corner Clamp.

RESPONSE:

Rockler objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning any Corner Clamp, the definition of which extends beyond Rockler's Clamp-It® Corner Clamping Jig, which is the only product of Rockler that Plaintiff alleges misappropriated Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Rockler further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets. Rockler further objects to this request as indefinite as to the time frame of the communications that are the subject of the request. Rockler lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request. Rockler reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

REQUEST NO. 4

All documents related to communications between you and Quaiz.

RESPONSE:

Responsive documents that exist and are located will be produced.

REQUEST NO. 5

All documents related to communications regarding the images and/or invention description that Quaiz submitted to you through the Rockler.com website in July 2012

RESPONSE:

Rockler objects to this request as vague and indefinite, in that it does not specify whose communications are sought. To the extent Rockler had any communications with anyone regarding the subject of this request for which documents exist, such responsive documents that exist and are located will be produced under a suitable protective order.

REQUEST NO. 6

All documents related to your decision to send a rejection of Quaiz's corner clamp design submitted to you through the Rockler.com website in July 2012.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

RESPONSE:

Rockler objects to this request as overly broad, vague and indefinite in that it requests "all documents related to," the scope of which is not reasonably determinable.  Subject to this objection, to the extent documents concerning the decision exist and are located, they will be produced under a suitable protective order.

REQUEST NO. 7

All documents related to the development, design, and manufacturing of the  Clamp-It® Corner Clamping Jig.

RESPONSE:

Rockler objects to this request and duplicative of Request Nos. 1 and 2.  Rockler incorporates by reference its response to Request Nos. 1 and 2.

REQUEST NO. 8

All documents related to any advertising, marketing, and promoting of the Clamp-It® Corner Clamping Jig, including but not limited to that which appeared in internal announcements, press releases, online, on social media, or in newspapers and magazines.  This includes but is not limited to any direct mailings, email messages, advertising, marketing, and promotion directed to wholesalers or retail customers.

RESPONSE:

Rockler objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents broadly concerning Rockler's Clamp-It® Corner Clamping Jig without reference or limitation to the features Plaintiff alleges reflect a misappropriation of Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved.  Rockler therefore objects to this request as

7

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets.  Rockler lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request.  Rockler reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

REQUEST NO. 9

All documents related to your sales of the Clamp-It® Corner Clamping Jig, including product cost, pricing, and number of units sold, and sales revenue.

RESPONSE:

Rockler objects to this request as vague and indefinite in that no time period is specified. Rockler objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents that relate to sales of Rockler's Clamp-It® Corner Clamping Jig at a time Kahlke U.S. Patent 4,984,775 was in the public domain and  after March 10, 2016, the date Plaintiff's patent application was published and entered the public domain.  Therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved.  Rockler further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets.  Rockler lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request.  Rockler reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 1
Page 8 of 14

REQUEST NO. 10

To the extent not requested above, all documents related to sales of the Clamp-It® Corner Clamping Jig to any distributor, retailer, reseller, or individual, including but not limited to Rockler Retail.

RESPONSE:

Rockler objects to this request as duplicative of Request No. 9.  Rockler incorporates by reference herein its response to Request No. 9.

REQUEST NO. 11

All documents related to your policies for determining whether you will contract with independent designers and/or inventors to developing inventions submitted to you, whether through the Rockler.com website or otherwise.

RESPONSE:

Rockler objects as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning information unrelated to Plaintiff's alleged trade secrets and therefore the request is not proportionate to the needs of the case and the information sought is not relevant or important to the issue to be resolved.  Subject to this response, no documents will be produced.

REQUEST NO. 12

All documents related to communications regarding your processes for contracting with independent designers and/or inventors to developing inventions submitted to you, whether through the Rockler.com website or otherwise.

RESPONSE:

Rockler objects as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning information unrelated to Plaintiff's alleged trade secrets and therefore the request is not

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 1
Page 9 of 14

proportionate to the needs of the case and the information sought is not relevant or important to the issue to be resolved.  Subject to this response, no documents will be produced.

REQUEST NO. 13

All documents related to communications within Rockler Company regarding a Corner Clamp.

RESPONSE:

Rockler objects as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning information unrelated to Plaintiff's alleged trade secrets and therefore the request is not proportionate to the needs of the case and the information sought is not relevant or important to the issue to be resolved.  Rockler further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets.  Rockler further objects to this request as indefinite as to the time frame of the communications that are the subject of the request. Rockler lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request.  Rockler reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

REQUEST NO. 14

All complaints or demands made to you regarding claims of unlawful trade practices and unjust enrichment by Rockler Company.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

RESPONSE:

Rockler objects as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning information unrelated to Plaintiff's alleged trade secrets and therefore the request is not proportionate to the needs of the case and the information sought is not relevant or important to the issue to be resolved.  Subject to this response, no documents will be produced.

REQUEST NO. 15

All documents showing or listing the members of the "Rockler Development Team" referenced in emails from the email addresses webmaster@rockler.com and newproductideas@rockler.com, from 2010 through present.

RESPONSE:

Rockler objects to this request as vague and indefinite in that the emails referenced in the request are not identified with sufficient specificity.  Rockler objects as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning information unrelated to Plaintiff's alleged trade secrets and therefore the request is not proportionate to the needs of the case and the information sought is not relevant or important to the issue to be resolved.  Further, the request is overly broad as to the time frame stated in the request in that is encompasses a period prior to and subsequent to Plaintiff's submission to Rockler.  Further, the request is overly broad in that it encompasses documents completely unrelated to the subject matter of this litigation.  Subject to this response, to the extent documents exist and are located that identify members of the Rockler Development Team who participated in evaluating Plaintiff's clamp design, such documents will be produced under a suitable protective order.

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 16

All documents related to Rockler Company's policies and procedures for responding to invention submissions made through the Rockler.com website or otherwise.

RESPONSE:

Rockler objects to this request and overly broad, vague and indefinite to the extent it seeks information for an unspecified time period. To the extent documents exist and are located that relate to the period of Plaintiff's submission to Rockler, such documents will be produced under a suitable protective order.

REQUEST NO. 17

All documents related to the business or corporate relationship between Rockler Company and Rockler Retail, including but not limited to organizational charts, contracts, and purchase agreements.

RESPONSE:

Rockler objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning contracts and purchase agreements that are not proportionate or relevant to the needs of the case and the information sought is not important to the issue to be resolved. Subject to this response, responsive documents are publicly available via ECF from previous filings with the Court in this case.

REQUEST NO. 18

All documents related to the shareholders, officers, directors common between Rockler Retail and Rockler Company from 2010 through present.

RESPONSE:

Rockler objects to this request as overly broad in that the request for "all documents" is not

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

limited to the issues of this case.  Rockler objects to the stated time frame as overly broad.  To the extent they exist and are located, representative documents that identify Rockler's current officers and directors will be produced.  Representative documents concerning the ownership of Rockler Retail are available via ECF from previous filings with the Court in this case.

Dated: February 16, 2017

Respectfully submitted,

By: _s/John M. Weyrauch_
John M. Weyrauch, *pro hac vice*
Email: jmweyrauch@dbclaw.com
Peter R. Forrest, *pro hac vice*
Email: pforrest@dbclaw.com
DICKE, BILLIG & CZAJA, PLLC

Klaus H. Hamm, OSB# 091730
Email: Klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP

*Attorneys for Defendants*
ROCKLER RETAIL GROUP, INC.
ROCKLER COMPANIES, INC.

13

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2017, I caused a copy of the foregoing **DEFENDANT ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** to be served on the following via U.S. mail.

Brian D. Chenoweth (brianc@northwestlaw.com)
Andrea R. Meyer (ameyer@northwestlaw.com)
CHENOWETH LAW GROUP, PC
510 SW Fifth Ave., Fifth Floor
Portland, OR  97204

s/John M. Weyrauch

14

ROCKLER COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 1
Page 14 of 14