Klaus H. Hamm, OSB# 091730
Email: Klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

John M. Weyrauch, *pro hac vice*
Email: jmweyrauch@dbclaw.com
Peter R. Forrest, *pro hac vice*
Email: pforrest@dbclaw.com
DICKE, BILLIG & CZAJA, PLLC
100 South Fifth Street, Suite 2250
Minneapolis, MN 55402
Telephone: (612) 573-2000
Facsimile: (612) 573-2005

*Attorneys for Defendants*
ROCKLER RETAIL GROUP, INC.
ROCKLER COMPANIES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAJED QUAIZ,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCKLER RETAIL GROUP, INC. and ROCKLER COMPANIES, INC.,**<br><br>Defendants. | Civil Case No.: 3:16-cv-01879-SI<br><br>**DEFENDANT ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedures, the above-listed Defendant Rockler Retail Group, Inc. ("RRG") hereby provides the following response to Plaintiff's Request for Production of Documents to Rockler Retail Group, Inc. RRG reserves the right to amend or

DEFENDANT ROCKLER RETAIL GROUP, INC.'S RESPONSE TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 1 of 11

supplement its responses if it finds that inadvertent omissions or errors have been made or if additional or more accurate information become available and is required to be provided by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendant objects to the requests to the extent that they seek to impose requirements or obligations on Defendant in addition to or different from those imposed by the Federal Rules of Civil Procedure. Defendant will respond to the requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any orders from this Court. To the extent Defendant agrees to produce documents, documents that exist and are located will be made available for inspection and copying at a mutually agreeable time and manner.

2. Defendant objects to the Instructions and Definitions contained in Plaintiff's Request for Production of Documents to the extent that they seek to impose a duty or seek information beyond that which is provided for by the Federal Rules of Civil Procedure.

3. Defendant objects to the requests to the extent they are vague, ambiguous and/or confusing or would require Defendant to speculate as to the nature or the scope of the information sought.

4. Defendant objects to the requests to the extent they seek information already in the possession, custody or control of Plaintiff, or readily available or accessible to Plaintiff through third parties having an obligation to produce such information and/or from public sources.

5. Defendant objects to the requests to the extent they seek information obtainable from some other source that is more convenient, less burdensome, or less expensive.

2

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 2 of 11

6. Defendant objects to these requests to the extent they seek information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, and/or seek information prepared in anticipation of litigation. Nothing contained in these answers is intended to be, or shall in any way be deemed, a waiver of such applicable privilege, doctrine, or immunity (collectively "privilege").

7. Defendant has not yet completed its investigation of the facts pertaining to this action, discovery is ongoing, and Defendant is continuing its preparation for trial. All responses to the following document requests are based on information presently known to Defendant. Accordingly, all responses are given without prejudice to Defendant's right to produce evidence based on any additional information that may develop or come to Defendant's attention at a later time.

8. Defendant objects to these requests to the extent they seek proprietary, confidential and/or commercially sensitive information to Defendant and/or to a third party. All information of a proprietary, confidential and/or commercially sensitive nature will only be disclosed under the conditions set forth in a suitable Protective Order entered in this matter.

9. In responding to these requests, Defendant in no way admits any of the requests are relevant or calculated, in whole or in part, to lead to the discovery of admissible evidence. Defendant's responses are not intended to contain any implied admissions, and the act of responding to a request should not be construed as a waiver of any objection to the request.

10. Defendant's objections as set forth herein are made without prejudice to Defendant's right to assert any additional or supplemental objections should Defendant discover additional grounds for such objections.

3

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 3 of 11

11. The objections and limitations set forth in Defendant's General Objections shall be applicable to, and included in, Defendant's response to each of Plaintiff's requests regardless of whether or not they are specifically stated therein.

12. Defendant objects to Plaintiff's definition of "Defendant" as overly broad, indefinite and purporting to seek information protected by the attorney-client privilege, work-product doctrine or other immunity from disclosure of information in that it includes "attorney" in the definition. Defendant's response to any request seeking information from Defendant will exclude information from Defendant's attorneys that is the subject of attorney-client privilege and/or work-product doctrine.

## REQUESTS FOR PRODUCTIONS

REQUEST NO. 1

All documents related to your purchase of the Clamp-It® Corner Clamping Jig from Rockler Company.

RESPONSE:

RRG objects to this request as vague, indefinite, overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks all documents related to the purchase of Rockler's Clamp-It® Corner Clamping Jig, which encompasses information that is not relevant to this case and is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved. Without waiving these objections, no such documents exist.

4

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 4 of 11

REQUEST NO.2

All documents related to communications with any third party regarding the design or use of any Corner Clamp, including any online comments and/or ratings from any Corner Clamp user.

RESPONSE:

RRG objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning any Corner Clamp, the definition of which extends beyond Rockler's Clamp-It® Corner Clamping Jig, which is the only product of Rockler that Plaintiff alleges misappropriated Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved.  RRG further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets.  RRG lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request.  RRG reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's alleged trade secrets with reasonable particularity.  Without waiving these objections, no such documents exist.

REQUEST NO. 3

All documents related to communications between you and any third party, including Rockler Company, regarding the design or development of any Corner Clamp.

RESPONSE:

RRG objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents

5

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

concerning any Corner Clamp, the definition of which extends beyond Rockler's Clamp-It® Corner Clamping Jig, which is the only product of Rockler that Plaintiff alleges misappropriated Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved. RRG further objects to this request as overly broad in that it seeks information that extends beyond the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's alleged trade secrets. RRG further objects to this request as indefinite as to the time frame of the communications that are the subject of the request. RRG lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request. RRG reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity. Without waiving these objections, no such documents exist.

REQUEST NO. 4

All documents related to communications regarding the design or development of any Corner Clamp.

RESPONSE:

RRG objects to this request as duplicative of Request No. 3. RRG incorporates by reference its response to Request No. 3.

REQUEST NO. 5

All documents related to communications between you and Quaiz.

RESPONSE:

No such documents exist.

6

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 6 of 11

REQUEST NO. 6

All documents related to communications regarding the images and/or invention description that Quaiz submitted to Rockler Company in July 2012.

RESPONSE:

No such documents exist.

REQUEST NO. 7

All documents related to communications regarding the development, design, and manufacturing of the Clamp-It® Corner Clamping Jig.

RESPONSE:

No such documents exist.

REQUEST NO. 8

All documents related to any advertising, marketing, and promoting of the Clamp-It® Corner Clamping Jig, including but not limited to that which appeared in internal announcements, press releases, online, on social media, or in newspapers and magazines. This includes but is not limited to any direct mailings, email messages, advertising, marketing, and promotion directed to wholesalers or retail customers.

RESPONSE:

RRG objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents broadly concerning Rockler's Clamp-It® Corner Clamping Jig without reference or limitation to the features Plaintiff alleges reflect a misappropriation of Plaintiff's alleged trade secrets, and therefore the request is not proportionate to the needs of the case and the information sought is not important to the issue to be resolved. RRG therefore objects to this request as overly broad in that it seeks information that extends beyond Plaintiff's alleged trade secrets and the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect

7

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 7 of 11

Plaintiff's trade secrets. RRG lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request. RRG reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

REQUEST NO. 9

All documents related to your sales of the Clamp-It® Corner Clamping Jig, including product cost, pricing, and number of units sold, and sales revenue.

RESPONSE:

RRG objects to this request as vague and indefinite in that no time period is specified. RRG objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents that relate to sales of Rockler's Clamp-It® Corner Clamping Jig at a time Kahlke U.S. Patent 4,984,775 was in the public domain and after March 10, 2016, the date Plaintiff's patent application was published and entered the public domain. Therefore the request is not proportionate to the needs of the case and the information sought is not important and not relevant to the issue to be resolved. RRG further objects to this request as overly broad in that it seeks information that extends beyond Plaintiff's alleged trade secrets and the features of the design and development of Rockler's Clamp-It® Corner Clamping Jig that allegedly reflect Plaintiff's trade secrets. RRG lacks sufficient information and understanding of Plaintiff's alleged trade secrets to respond to this request. RRG reserves the right to supplement its response to this request after the Court resolves Defendants' Motion to Compel identification of Plaintiff's trade secrets with reasonable particularity.

8

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 8 of 11

REQUEST NO. 10

To the extent not included above, all documents related to costs, revenue, income, sales, orders, and financial information for the Clamp-It® Corner Clamping Jig.

RESPONSE:

RRG objects to this request as duplicative of Request No. 9.  RRG incorporates by reference herein its response to Request No. 9.

REQUEST NO. 11

All documents related to the business or corporate relationship between Rockler Retail and Rockler Company, including but not limited to organizational charts, contracts, and purchase agreements.

RESPONSE:

RRG objects to this request as overly broad and beyond authorized the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure in that the request seeks documents concerning contracts and purchase agreements that are not proportionate or relevant to the needs of the case and the information sought is not important to the issue to be resolved.  Subject to this response, responsive documents are publicly available via ECF from previous filings with the Court in this case.

REQUEST NO. 12

All documents related to the shareholders, officers, directors common between Rockler Retail and Rockler Company from 2010 through present.

RESPONSE:

RRG objects to this request as overly broad in that the request for "all documents" is not limited to the issues of this case.  RRG objects to the stated time frame as overly broad.  To the extent they exist and are located, representative documents that identify RRG's current officers and directors will be produced.  Representative documents concerning the ownership of RRG are

9

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 9 of 11

available via ECF from previous filings with the Court in this case.

Dated: February 16, 2017

                                    Respectfully submitted,

                                    By: *s/John M. Weyrauch*
                                    John M. Weyrauch, *pro hac vice*
                                    Email: jmweyrauch@dbclaw.com
                                    Peter R. Forrest, *pro hac vice*
                                    Email: pforrest@dbclaw.com
                                    DICKE, BILLIG & CZAJA, PLLC

                                    Klaus H. Hamm, OSB# 091730
                                    Email: Klaus.hamm@klarquist.com
                                    KLARQUIST SPARKMAN, LLP

                                    *Attorneys for Defendants*
                                    ROCKLER RETAIL GROUP, INC.
                                    ROCKLER COMPANIES, INC.

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 16, 2017, I caused a copy of the foregoing **DEFENDANT ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** to be served on the following via email and U.S. mail.

      Brian D. Chenoweth (brianc@northwestlaw.com)
      Andrea R. Meyer (ameyer@northwestlaw.com)
      CHENOWETH LAW GROUP, PC
      510 SW Fifth Ave., Fifth Floor
      Portland, OR  97204


                                          s/John M. Weyrauch

11

ROCKLER RETAIL GROUP, INC.'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Meyer Decl. (Feb. 22, 2017) Exhibit 2
Page 11 of 11