Klaus H. Hamm, OSB# 091730
Email: Klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

John M. Weyrauch, *pro hac vice*
Email: jmweyrauch@dbclaw.com
Peter R. Forrest, *pro hac vice*
Email: pforrest@dbclaw.com
DICKE, BILLIG & CZAJA, PLLC
100 South Fifth Street, Suite 2250
Minneapolis, MN 55402
Telephone: (612) 573-2000
Facsimile: (612) 573-2005

*Attorneys for Defendants*
ROCKLER RETAIL GROUP, INC.
ROCKLER COMPANIES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAJED QUAIZ,**<br><br>    Plaintiff,<br><br>v.<br><br>**ROCKLER RETAIL GROUP, INC. and ROCKLER COMPANIES, INC.,**<br><br>    Defendants. | Civil Case No.: 3:16-cv-01879-SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO IDENTIFY ALLEGED TRADE SECRET(S) WITH REASONABLE PARTICULARITY**<br><br>**REQUEST FOR ORAL ARGUMENT** |

**FACTUAL BACKGROUND**

Clarification of the Record

The characterization of certain facts in Plaintiff's Response (ECF No. 28) requires comment and correction. First, Plaintiff alleges that "Plaintiff responded to a solicitation from Defendants to submit woodworking product ideas to them. *Id.* ¶¶ 10-11, 17." (Response at 2). Rockler's website includes a web page that affords anyone interested in submitting a product idea the opportunity to do so. *See, e.g.,* http://www.rockler.com/suggestions/. Rockler did not, as Plaintiff asserts, solicit Plaintiff to make a submission.

Second, Plaintiff asserts that "Defendants promised not to steal or use Plaintiff's trade secrets." (Response at 2). Defendant Rockler's web site makes no statement about trade secrets, and rather states "[b]y submitting your idea to this website, Rockler agrees to use it only for evaluation." At the same time, Rockler's web site explicitly states that it does not enter into any nondisclosure agreements unless it determines that the idea submitted is something Rockler would like to develop. (Weyrauch Dec. Exhibit A).

Third, Plaintiff asserts that he submitted a concept for a corner clamp to Defendants and "Defendants … asked [Plaintiff] to submit images of his design, which Plaintiff did." (Response at 2). Plaintiff mischaracterizes the exchange. Plaintiff's email to Defendant Rockler cited in Paragraph 12 of the Amended Complaint contains no description of Plaintiff's design or concept. The email states that "I've designed a corner clamp" and characterizes alleged benefits, but provides no explanation of its design or concept.[1] Rockler responded to Plaintiff stating: "If you

---

[1] The entire email quotation from paragraph 12 of Plaintiffs' Amended Compliant is:

> I've designed a corner clamp that offers more precise fastening and the ability to handle larger material. Its features allow a wide range of adjustability to accommodate all sorts of projects, from picture frames to construction with 2x4's, and it's only fractions of an inch larger than the bigger clamp-it clamp. I believe

have any images of your idea that you would like to provide, please reply to this email with the images attached." (Weyrauch Dec. Exhibit B). Plaintiff decided of his own volition to submit his images to Rockler without first seeking a non-disclosure agreement or otherwise identifying that he considered them confidential.

## ARGUMENT

A. <u>Plaintiff's Amended Complaint Does Not Identify His Trade Secrets</u>.

Plaintiff's Response highlights the flaw in Plaintiff's claim that the Amended Complaint identifies his trade secrets with sufficient particularity. First, citing paragraph 12 of the Amended Complaint, Plaintiff states that the Amended Complaint "quotes **the exact description of Plaintiff's design** that he emailed to Defendants at the outset of their communications." (Response at 5, emphasis in bold). Plaintiff's email to Defendant Rockler cited in Paragraph 12 of the Amended Complaint contains no description of Plaintiff's design. It states simply "I've designed a corner clamp," but the remainder of the email merely states Plaintiff's characterization of supposed benefits of his corner clamp. It does not describe the corner clamp's construction, identify any of its parts or their arrangement, or describe how the corner clamp works to achieve any particular result, let alone how to achieve its alleged benefits. Thus, in no reasonable way does the email set forth a "design" much less an "exact description" of one.[2]

Second, Plaintiff asserts that his trade secrets also have been identified with sufficient particularity when Plaintiff's counsel "voluntarily emailed the 14 drawings to Defendants that are

---

> that my clamp is easier to use because it frees the user from holding multiple parts at once. Even with all its features and capability, it's still a very simple clamp to use and possibly manufacture. The clamps [sic] design is finalized to my satisfaction and I can provide 14 different drawings, including 3d views.

[2] A "design" is defined as "the arrangement of elements or details in a product or work of art." See https://www.merriam-webster.com/dictionary/design (last accessed March 6, 2017).

DEFENDANTS' REPLY SUPPORTING ITS MOTION TO COMPEL                                      3

referenced in the Amended Complaint as containing trade secrets."[3] (Response at 5). Plaintiff does not allege that he provided any further explanation of the drawings or had any other communication with Rockler about his corner clamp. Plaintiff's Response does not dispute Defendants' representation that the clamp design shown in the 14 drawings is the same as the clamp design shown in Plaintiff's issued patent. (Defendants' Opening Brief at 5). Plaintiff's Response does not dispute Defendants' description of Plaintiff's claim design. (*Id.*). Finally, Plaintiff does not dispute that Defendants' corner clamping jig does not have the design features of Plaintiff's clamp. (*Id.* at 10). Plaintiff's assertion that his trade secrets have been identified with sufficient particularity therefore fails.[4] It is insufficient for Plaintiff to assert that the drawings of his clamp design reflect trade secrets that Plaintiff alleges were misappropriated by Defendants and yet not explain in plain terms what features or aspect of Defendants' corner clamping jig caused Plaintiff to allegedly "realize[] it misappropriated his concept and design of his Clamp." (Amended Complaint ¶ 21). Plaintiff's claim that discovery is needed before it can identify his trade secrets with that level of detail is antithetical to Plaintiff's legal duty to conduct a reasonable investigation of the facts and the law before asserting his trade secret claim.[5] And, as a matter of

---

[3] Plaintiff's counsel has asserted that the 14 drawings that counsel email to Defendants' counsel on October 13, 2016 were the same 14 drawings referenced in the Amended Complaint. None of the 14 drawings were identified or marked as "CONFIDENTIAL," and no claim of confidentiality was made in Plaintiff's counsel's email that forwarded the 14 drawings. (Weyrauch Dec. ¶ 6 and Exhibit D).  Defendants' counsel conferred with Plaintiff's counsel, who did not object to Defendants' filing the 14 drawings unsealed. (*Id.*).

[4] Plaintiff's Response Brief does not address at all how Plaintiff's clamp concept differs from the corner clamping concept shown in U.S. Patent No. 4,984,775 (the "'775 patent"), as described before. (Defendants' Opening Brief at 3). Plaintiff has not disputed that the concept of a corner clamp that has two screw clamp assemblies attached to an L-shaped frame, where each clamp assembly is oriented perpendicular to one leg of the L-shaped frame, was not a secret when Plaintiff made his disclosures to Defendant Rockler.

[5] Despite Plaintiff's claim his discovery plan is not an open-ended "fishing expedition," Plaintiff acknowledges that he seeks to discover *Defendants'* trade secrets and further has issued discovery

logic, Plaintiff should be able to identify his own trade secret without receiving discovery from Defendants.

Plaintiff also argues that he is not required to identify his alleged <u>specific</u> trade secret(s) as a part of the initial disclosures required by Rule 26(a)(1). Response at 4-5. Rule 26(a)(1), however, provides that a court may "otherwise . . . order[]" initial disclosures to include information in addition to or instead of the information set out in (i)-(iv). Further, as advocated in their brief, Defendants also invoke the Court's fundamental authority "to control the timing and sequencing of discovery in the interests of justice" under all aspects of Rule 26. (Defendants' Opening Brief at 9 (quoting *Vesta II*)). The Court's authority under Rule 26 is sufficient to compel Plaintiff to identify the trade secrets at issue in this case at this time. *See, e.g., Vesta Corp. v. Amdocs Management Ltd.*, 147 F. Supp. 3d 1147, 1153 (D. Or. 2015).

A further development that has come to Defendants' attention begs for clarity of what alleged trade secrets of Plaintiff are at issue. Defendants recently learned from public records of the U.S. Patent and Trademark Office that on November 22, 2016, Plaintiff assigned his rights to his corner clamp to another entity. (Weyrauch Dec. Exhibit C). Plaintiff's assignment states that he has sold, assigned, transferred and conveyed "the full and exclusive right to the invention in the United States and its territorial possessions and in all foreign countries." (*Id.* at 2). Plaintiff further

---

requests for all of Defendants' documents concerning any corner clamp, not just Defendants' corner clamping jig. (*See generally* Meyer Declaration Exhibits 1 and 2, defining "Corner Clamp" as "any mechanism or design that operates as a right-angle corner clamping jig, including but not limited to the Clamp-It® Corner Clamping Jig"). In addition, Plaintiff's discovery requests are not time-limited, despite Plaintiff's "design" having entered the public domain upon the March 10, 2016 publication of his patent application. (*See* Defendants' Opening Brief at 4). Ensuring that the scope of discovery does not extend beyond Plaintiff's trade secret claim requires an adequate identification of the trade secrets at issue. (*See* Defendant's Opening Brief at 9 (citing *Vesta II*)). Furthermore, contrary to Plaintiff's read on Defendants' motion, Defendants have not requested a stay of discovery. Defendant merely maintains that Plaintiff's discovery should be kept strictly within the scope of its trade secrets, which necessitates that those trade secrets are identified with reasonable particularity.

covenanted and agreed that he was "the sole and lawful owner of the entire right, title, and interest in and to the invention and the above-identified patent applications, and that the same are unencumbered, and that [he had] good and full right and lawful authority to sell and convey the same in the manner [set forth in the assignment]." (*Id.* at 2-3). Again, Plaintiff has not disputed that the corner clamp he disclosed to Defendant Rockler is the same corner clamp disclosed in Plaintiff's issued patent. Plaintiff's assignment of his "entire" rights in his corner clamp "invention" underscores the need to identify the trade secrets to determine whether Plaintiff is even the real party in interest.

    B. <u>Defendants' Pleadings Do Not Establish that Plaintiff's Amended Complaint Sufficiently Describes Plaintiff's Trade Secrets</u>.

Plaintiff argues that Defendants' participation in the case to date shows that Defendants understand the scope of Plaintiff's trade secret. For example, Plaintiff argues that the lack of a Rule 12 motion by Defendant for a more particular pleading somehow establishes that the trade secret has been sufficiently identified. (Response at 7). Plaintiff's argument is misplaced. A party's decision to not move to dismiss a complaint does not mean that the complaint is sufficient, or that the party thereby waives the right to seek certain initial disclosures. Rule 12 tests only the <u>legal</u> sufficiency of a complaint. The trade secret identification issue before the Court is one of <u>factual</u> sufficiency—an entirely different matter outside the scope of Rule 12. "The purpose of the motion to dismiss is to test the formal sufficiency of the pleadings that constitute the claim. It is not a procedure for resolving a contest about the facts or the merits of the case." *JK By And Through RK v. Dillenberg*, 836 F. Supp. 694 (D. Ariz. 1993) (citation to and internal quotation of 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990) omitted). Defendants know what legal assertion Plaintiff has made: misappropriation under the Oregon Trade Secret Act. Defendants do not know, as a matter of fact, exactly what are the trade secrets Plaintiff asserts to have been

misappropriated pursuant to that Act.

## CONCLUSION

For the reasons stated above and in Defendants' Opening Brief, the Court should order Plaintiff to identify the allegedly misappropriated trade secret with reasonable particularity.

Dated: March 8, 2017                Respectfully submitted,

> By: *s/John M. Weyrauch*
> John M. Weyrauch, *pro hac vice*
> Email: jmweyrauch@dbclaw.com
> Peter R. Forrest, *pro hac vice*
> Email: pforrest@dbclaw.com
> DICKE, BILLIG & CZAJA, PLLC
>
> Klaus H. Hamm, OSB# 091730
> Email: Klaus.hamm@klarquist.com
> KLARQUIST SPARKMAN, LLP
>
> *Attorneys for Defendants*
> ROCKLER RETAIL GROUP, INC.
> ROCKLER COMPANIES, INC.