# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MAJED QUAIZ**, | Case No. 3:16-cv-1879-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ROCKLER RETAIL GROUP, INC.,** and **ROCKLER COMPANIES, INC.,** | |
| Defendants. | |

Brain Chenoweth, Brooks M. Foster, and Andrea R. Meyer, CHENOWETH LAW GROUP, PC, 510 SW Fifth Avenue, Fifth Floor, Portland, OR 97204. Of Attorneys for Plaintiff.

Klaus H. Hamm, KLARQUIST SPARKMAN, LLP, 121 SW Salmon Street, Suite 1600, Portland, OR 97204; John M. Weyrauch and Peter R. Forrest, DICKE, BILLIG & CZAJA, PLLC, 100 South Fifth Street, Suite 2250, Minneapolis, MN 55402. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Majed Quaiz ("Plaintiff") brings this lawsuit against Rockler Retail Group, Inc. and

Rockler Companies, Inc. (collectively "Rockler" or "Defendants"), alleging misappropriation of

trade secrets in violation of Or. Rev. Stat. §§ 646.461, 646.463 and 646.465 and common law

unjust enrichment. Before the Court is Defendants' motion to compel Plaintiff to identify his

PAGE 1 – OPINION AND ORDER

alleged trade secrets with reasonable particularity and to stay discovery until he does so. For the reasons discussed below, Defendants' motion is denied.

## STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Among the limitations stated in Rule 26(b)(2)(C) is the direction that the court must limit the extent of discovery if it determines that the discovery sought is outside the scope of Rule 26(b)(1) or if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In addition, Rule 26 provides that the court may, for good cause, issue an order to protect a party or person from oppression or undue burden, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

## BACKGROUND

In November 2011, Plaintiff designed a corner clamp for use in woodworking ("Plaintiff's Clamp"). Am. Compl. ¶ 8. As designed, Plaintiff's Clamp holds two pieces of wood together at a right angle without the aid of any additional structures. *Id.* Rockler solicits the general public to submit design ideas, representing that their "philosophy is to support and encourage inventors who bring innovation to the woodworking market. We do no steal ideas, and we are willing to pay inventors for partnering with Rockler." *Id.* at ¶ 10.

After reviewing Rocker's web page and representations, in mid-2012 Plaintiff approached Rockler describing Plaintiff's Clamp. *Id.* ¶¶ 11-12. Rockler responded by requesting that Plaintiff submit images of his design. *Id.* ¶ 13. On July 13, 2013, in continued reliance on Rockler's representations from its website, Plaintiff submitted by email to Rockler 14 detailed design drawings of Plaintiff's Clamp. *Id.* ¶ 14. On August 8, 2012, Rockler declined to enter into a business relationship with Plaintiff. *Id.* at ¶ 16.

Plaintiff does not allege and Rockler does not argue that Plaintiff submitted any other ideas to Rockler or had any additional contacts with Rockler until this lawsuit. In August 2015, Rockler began selling a new corner-clamping jig ("Rockler's Clamp"). *Id.* at ¶ 20. Plaintiff alleges that by making Rockler's Clamp, Rockler misappropriated the design of Plaintiff's Clamp that Plaintiff provided to Rockler in July 2012. *Id.* at ¶¶ 21-22.

Plaintiff did not attach to his Amended Complaint copies of any of the 14 images that he provided to Rockler in July 2012. Defendants state that after conducting a search for the images, they were unable to locate them. ECF 26 at 7. Plaintiff's attorney then provided copies of the 14 drawings to Defendants' counsel. *Id.*

## DISCUSSION

Plaintiff alleges that Defendants misappropriated Plaintiff's trade secrets by using his "concept, design, and photos to design and manufacture an altered version of [Plaintiff's] Clamp." Am. Compl. ¶¶ 20-22. In their pending motion, Defendants argue that Plaintiff has failed to plead the allegedly misappropriated trade secrets with sufficient particularity. In support, Defendants advance three propositions. First, Defendants argue that Rockler's Clamp does not resemble or perform the same function as Plaintiff's Clamp because it does not hold two pieces of wood together without the aid of additional structures. Second, Defendants argue that Plaintiff placed the design for his clamp in the public domain by applying for a patent, thereby

PAGE 3 – OPINION AND ORDER

failing to maintain the secrecy that is required for Plaintiff to maintain his claim. Third, Defendants argue that Plaintiff did not sufficiently place Defendants on notice of the nature of Plaintiff's claims because Plaintiff's pleadings identify only generic categories of trade secrets, such as "plans, concepts, designs, specifications, and ideas." Defendants request that Plaintiff be ordered to clarify his allegedly misappropriated trade secrets. Defendants add that without further clarification by Plaintiff, any discovery sought by Plaintiff would be nothing more than a "fishing expedition." Accordingly, Defendants request that the Court suspend Plaintiff's right to obtain formal discovery until Plaintiff has sufficiently clarified his alleged trade secret. Plaintiff responds, among other things, that he has already sufficiently identified his claimed trade secrets with reasonable particularity.

Many of Defendants' arguments do not appear related to their motion to compel Plaintiff to describe his alleged trade secrets with greater particularity. Defendants seem to challenge Plaintiff's claims on the merits, such as might be seen in a motion to dismiss for failure to state a claim or a motion for summary judgment. Defendants also seem to challenge many of Plaintiff's other allegations as needing to be made more definite and certain. Defendants, however, already have filed their Answer and asserted affirmative defenses. ECF 19, 20. Thus, we are past the stage when it might have been appropriate for the Defendants to file motions under Rule 12(b)(6) or Rule 12(e) of the Federal Rules of Civil Procedure. The only motion properly before the Court now is Defendants' motion that Plaintiff be required to describe his allegedly misappropriated trade secrets with greater particularity and not be allowed to take formal discovery until he has done so.

This Court previously addressed a similar issue in *Nike, Inc. v. Enter Play Sports, Inc.*, 305 F.R.D. 642 (D. Or. 2015). In that case, the Court found *BioD, LLC v. Amnio Tech.,*

*LLC*, 2014 WL 3864658 (D. Ariz. Aug. 6, 2014), to be "particularly instructive for identifying the criteria that a district court should consider in deciding this question." *Nike*, 305 F.R.D. at 645.

The court in *BioD* explained:

> "[d]etermining whether a trade secret has been misappropriated usually involves examining things that the other party considers its own trade secrets. There is no privilege excepting trade secrets from discovery, but courts must exercise discretion to avoid unnecessary disclosures of such information. [P]laintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets."

*BioD*, 2014 WL 3864658, at *4 (quoting *Dura Global Technologies, Inc. v. Magna Donnelly, Corp.*, 2007 WL 4303294, at *2 (E.D. Mich. Dec. 6, 2007) ((alterations in *BioD*)).[1] In *Nike*, the Court found that the plaintiff had identified its trade secrets with reasonable particularity. *See Nike*, 305 F.R.D. at 644, 646 (explaining that Nike's complaint contained "numerous specifics, including drawings and illustrations" and concluding that its "specifications of the trade secrets at issue" were sufficiently particular).

U.S. District Judge Marco Hernandez also discussed the issue of whether a trade secret has been described with reasonable particularity. *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1155-56 (D. Or. 2015). In that case, Judge Hernandez described "reasonable particularity" as requiring "'a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets.'" *Id.* at 1155

---

[1] The court in *BioD* also discussed circumstances in which a plaintiff might not be required to identify its trade secrets with reasonable particularity before engaging in discovery. *Id.* at *5. Because the Court finds that Plaintiff has identified his alleged trade secrets with sufficiently reasonable particularity, there is no need further to address this alternative.

(quoting *BioD*, 2014 WL 3864658, at *5). When determining "the degree of particularity that must be disclosed in order for discovery to proceed in a trade secrets case," there is "no bright line answer[,] . . . each case is fact-intensive and the outcome is fact-specific." *Id.* at 1150.

Applying here the two-pronged test described in *Vesta*, the Court finds Plaintiff's specifications of his trade secrets to be sufficient, at least to permit formal discovery to proceed. First, Defendants have sufficient notice of the nature of Plaintiff's claims. Plaintiff alleges that Defendants used Plaintiff's "concept, design, and photos to design and manufacture an altered version" of Plaintiff's Clamp. Plaintiff also identified the Rockler Clamp, which Plaintiff alleges Defendants would have been unable to manufacture and sell without first seeing the design for Plaintiff's Clamp.

In addition, as the Court found significant in *Nike*, Defendants have already answered the Amended Complaint and asserted affirmative defenses. *See* 305 F.R.D. at 646. Defendants did not move to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, nor did Defendants move under Rule 12(e) to make the allegations more definite and certain. *See id.* Plaintiff also submitted only one design to Rockler. Although Plaintiff's complaint does not include images of his clamp, Plaintiff promptly provided 14 drawings when informed that Rockler did not retain the design that Plaintiff previously submitted.[2] Under these facts, Defendants have sufficient notice of Plaintiff's claim.

Further, Plaintiff's description of his trade secrets is sufficient to enable Defendants to "determine the relevancy of any requested discovery concerning its trade secrets." *Vesta*, 147 F. Supp. 3d at 1155. For purposes of this case, Plaintiff has only one relevant invention that may

---

[2] Defendants argue in their reply that the first email that Plaintiff sent to Rockler did not describe a clamp "design" and merely explained the benefit of such a design. In light of the copies of the 14 drawings that Plaintiff later provided to Rockler, however, this is argument is unpersuasive.

contain relevant trade secrets. Plaintiff provided Rockler with detailed drawings of Plaintiff's invention, which Plaintiff also referenced in his pleadings. For all of these reasons, Plaintiff has sufficiently described his allegedly misappropriated trade secrets with reasonable particularity. Formal discovery may proceed.

## CONCLUSION

Defendants' Motion to Compel Plaintiff to Identify Alleged Trade Secret(s) with Reasonable Particularity (ECF 26) is DENIED.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge